**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| FLEET CONNECT SOLUTIONS, a Texas limited liability company,<br><br>          Plaintiff,<br><br>v.<br><br>DAYTON FREIGHT LINES, INC., a foreign corporation,<br><br>          Defendant. | CIVIL ACTION FILE NO.<br>4:20-cv-00280-SCJ<br><br>**JURY TRIAL DEMANDED** |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Plaintiff Fleet Connect Solutions LLC ("Plaintiff" or "Fleet Connect") and Defendant Dayton Freight Lines, Inc. ("Defendant" or "Dayton"), by and through their undersigned counsel, jointly submit this Joint Preliminary Report and Discovery Plan:

1.      **Description of Case:**

    (a)    **Describe briefly the nature of this action.**

This is an action for patent infringement of U.S. Patent Nos. 7,742,388, 9,299,044, 9,747,565, and 10,671,949 ("Patents-in-Suit"). Fleet Connect is seeking damages with pre- and post-judgment interest thereon based on Dayton's alleged use of the Intelligent Vehicle Gateway ("IVG") and Active Mobile Gateway ("Gateways")

by Omnitracs, the Omnitracs MCP 200 unit, and the Omnitracs driver workflow solution (the "Accused Instrumentalities"), all of which allegedly infringe one or more of the Patents-in-Suit.

Dayton denies that it has infringed/is infringing any valid, enforceable claim of the Patents-in-Suit, denies that Fleet Connect is entitled to any form of relief, and asserts various defenses to Fleet Connect's claims.

**(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Fleet Connect is a Texas limited liability company and contends that it is the owner by assignment of the Patents in Suit. Fleet Connect contends that it owns valid and enforceable patent rights. Fleet Connect alleges that Dayton uses the Accused Instrumentalities as part of its fleet management devices and systems.

Dayton denies that it has infringed/is infringing any valid, enforceable claim of the Patents-in-Suit, denies that Fleet Connect is entitled to any form of relief, and asserts various defenses to Fleet Connect's claims.

**(c)     The legal issues to be tried are as follows:**

For Plaintiff:

1)     Whether Defendant has infringed, literally or, alternatively, under the Doctrine of Equivalents, U.S. Patent No. 7,742,388;

2

2)   Whether Defendant has infringed, literally or, alternatively, under the Doctrine of Equivalents, U.S. Patent No. 9,299,044;

3)   Whether Defendant has infringed, literally or, alternatively, under the Doctrine of Equivalents, U.S. Patent No. 9,747,565;

4)   Whether Defendant has infringed, literally or, alternatively, under the Doctrine of Equivalents, U.S. Patent No. 10,671,949;

5)   Whether Plaintiff should recover compensatory damages, and the amount of such compensatory damages, if recovered.

<u>For Defendant:</u>

6)   Whether the Patents-in-Suit are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, <u>35 U.S.C. §§ 101</u> (patentability), 102 (anticipation), 103 (obviousness), 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements), and the rules, regulations, and laws pertaining thereto.

7)   Whether Plaintiff has standing to bring this suit.

8)   Whether Plaintiff and any predecessors in interest to the Patents-in-Suit failed to properly mark any of their relevant products or materials as

3

required by 35 U.S.C. § 287, or otherwise give proper notice that Defendant's actions allegedly infringe the patents-in-suit.

9)      Whether Plaintiff's attempted patent infringement claims and/or remedies are barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and/or unenforceability.

10)     Whether Plaintiff's claims for damages are limited pursuant to the statutory limitations on damages set forth in 35 U.S.C. §§ 286, 287, and/or 288.

11)     Whether Plaintiff's claims are barred, in whole or in part, by the doctrine of prosecution history estoppel, prosecution disclaimer, and/or due to statements or amendments made during prosecution of the Patents-in-Suit or of any related patents and/or applications, or during any other proceedings before the U.S. Patent and Trademark Office or in any court.

12)     Whether Plaintiff's claims are barred by a covenant not to sue, license, and/or the doctrine of patent exhaustion.

13)     Whether Plaintiff's claims for damages are barred, in whole or in part, for Plaintiff's failure to mitigate damages.

4

14) Whether this case is exceptional, entitling Dayton to an award of its attorneys' fees and expenses under 35 U.S.C. § 285.

    **(d)** **The cases listed below (include both style and action number) are:**

        **(1)** **Pending Related Cases:**

Fleet Connect has also asserted U.S. Pat. No. 7,742,388 in *Fleet Connect Solutions LLC v. Goldberg Asset Monitoring, LLC d/b/a Efficient Fleets*, 6:20-cv-1095 (W.D. Tex.).

Fleet Connect has sued a number of other entities for alleged patent infringement of patents not asserted in this matter, based on the use or sale of certain Omnitracs products: *Fleet Connect Solutions LLC v. Melton Truck Lines, Inc.*, 6:20-cv-1096 (W.D. Tex.); *Fleet Connect Solutions LLC v. Southern Glazer's Wine and Spirits, LLC, et al.*, 6:20-cv-01097 (W.D. Tex.); *Fleet Connect Solutions LLC v. East-West Transport Inc.*, 2:20-cv-2306 (D. Nev.); and *Fleet Connect Solutions LLC v. Gentrifi LLC*, 2:20-cv-370 (E.D. Tex.).

        **(2)** **Previously Adjudicated Related Cases:**  None

    **2.** **This case is complex because it possesses one (1) or more of the features listed below (please check):**

        \_\_\_\_\_        **(1)** **Unusually large number of parties**

_____    **(2)    Unusually large number of claims or defenses**

__X__    **(3)    Factual issues are exceptionally complex**

__X__    **(4)    Greater than normal volume of evidence**

__X__    **(5)    Extended discovery period is needed**

_____    **(6)    Problems locating or preserving evidence**

_____    **(7)    Pending parallel investigations or action by government**

__X__    **(8)    Multiple use of experts**

_____    **(9)    Need for discovery outside United States boundaries**

__X__    **(10)  Existence of highly technical issues and proof**

_____    **(11)  Unusually complex discovery of electronically stored information**

**3.    <u>Counsel</u>:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

**Plaintiff:**

Steven G. Hill
Georgia Bar No. 354658
HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway SE, Suite 800
Atlanta, Georgia 30339
Tel.: (770) 953-0995

Fax: (770) 953-1358
sgh@hkw-law.com

**Defendant:**

Akshay S. Deoras, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Tel: 415-439-1400
Fax: 415-439-1500
akshay.deoras@kirkland.com

4.    **Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

<u>    </u>  **Yes**          <u> X </u>   **No**

**If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.**

Not Applicable

5.    **Parties to this Action:**

    **(a)    The following persons are necessary parties who have not been joined:**

None known at this time

    **(b)    The following persons are improperly joined as parties:**

None known at this time

    **(c)**    **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None known at this time

    **(d)**    **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.**    <u>**Amendments To The Pleadings**</u>**:**

    **Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of** <u>**Fed.R.Civ.P. 15**</u>**.  Further instructions regarding amendments are contained in LR 15.**

    **(a)**    **List separately any amendments to the pleadings which the parties anticipate will be necessary:**

The Parties reserve the right to amend the pleadings to the extent that they deem necessary in view of further analysis, discovery, and/or other unforeseen developments, subject to the requirements of the Federal Rules the Local Civil Rules of this Court, and the Local Patent Rules of this Court.

    **(b)**    **Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.**    <u>**Filing Times For Motions**</u>**:**

    **All motions should be filed as soon as possible.  The Local Rules set specific filing limits for some motions.  These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1A(2).**

       **(a)**    <u>**Motions to Compel**</u>**:  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.**

       **(b)**    <u>**Summary Judgment Motions**</u>**:  within thirty (30) days after the close of discovery, unless otherwise permitted by Court order.  Local Rule 56.1.**

Joint Statement: The Parties agree that "close of discovery" for purposes of item

7(b) means the close of "expert discovery" as set out in Patent L.P.R. 7.

A proposed scheduling order is attached hereto.

       **(c)**    <u>**Other Limited Motions**</u>**:  refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

       **(d)**    <u>**Motions Objecting to Expert Testimony**</u>**:**    <u>**Daubert**</u> **motions with regard to expert testimony no later than date that the proposed pretrial order is submitted.  Local Rule 7.<u>2F.</u>**

<u>**8**</u>**.**    <u>**Initial Disclosures:**</u>

**The parties are required to serve initial disclosures in accordance with** <u>**Fed. R. Civ. P. 26**</u>**.  If any party objects that initial disclosures are not appropriate, state the party and the basis for the party's objection.  NOTE: your initial disclosures should include electronically stored information.  Refer to** <u>**Fed.R.Civ.P. 26(a)(1)(B)**</u>**.**

No objections at this time. The Parties are scheduled to exchange initial

disclosures on April 2, 2021.

**9.**     **<u>Request for Scheduling Conference</u>:**

**Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.**

Not at this time.

**10.**     **<u>Discovery Period</u>:**

**The discovery period commences thirty (30) days after the appearance of the first Defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three (3) discovery tracks:  (a) zero month discovery period; (b) four months discovery period; and (c) eight months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

<u>For Plaintiff:</u>

- Facts pertaining to Defendant's alleged patent infringement

- Facts pertaining to Defendant's communications with its suppliers

- Facts pertaining to Defendant's fleet management devices and systems

- Facts pertaining to damages

- Facts pertaining to Defendant's experts' opinions

10

<u>For Defendant:</u>

- the validity and noninfringement of the Patents-in-Suit;

- whether the patents are otherwise unenforceable, such as for failing to properly mark any relevant products, equitable estoppel, waiver, and/or acquiescence;

- whether Fleet Connect has standing to sue;

- whether the Patents-in-Suit are licensed and/or exhausted;

- information relevant to Fleet Connect's damages theory(s), including discovery relating to licenses/agreements of Fleet Connect, predecessors in interest, and related entities to the Patents-in-Suit and related technologies.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

None anticipated at this time, but the Parties reserve the right to request an extension of the discovery period if needed.

A proposed scheduling order is attached hereto.

**11.   <u>Discovery Limitation:</u>**

**(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

11

Joint Statement: 25 interrogatories per side; 40 requests for admission per side (not including request for admission regarding authenticity); a total of 50 hours of depositions per side (inclusive of individual, Rule 30(b)(6), and non-party depositions); non-party deposition and document subpoenas; the Parties agree to address limits on expert discovery (including depositions) prior to the close of fact discovery in light of the case at that time. The Parties also agree to continue to discuss whether email discovery is necessary for this case as the case progresses.

**(b)   Is any party seeking discovery of electronically stored information?**

    X   **Yes**                  _____ **No**

**If "yes,"**

**(1)   The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The Parties disagree whether General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, should include e-mail or other forms of electronic correspondence (collectively "e-mail"). The Parties agree to work cooperatively with respect to the development of suitable ESI protocols for use in the case, and further agree to

continue to discuss whether e-mail discovery is necessary for this case as the case progresses.

Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

**(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or.TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The Parties agree to produce documents in TIFF or PDF format with production numbers placed thereupon. For particular documents whose native format is a spreadsheet, database, audio, video, or MS PowerPoint (or other presentation file format), or another structured data file type that is not easily converted to or read in an image format, a Party may make a reasonable request that the particular documents be produced in original native format. The Parties agree not to degrade the searchability of any documents as part of the document production process.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

13

12.   **Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

Pursuant to L.P.R. 2.2, the Parties have met and conferred and intend to execute a proposed consent protective order to limit the use and disclosure of confidential and proprietary information disclosed during discovery, and to seek entry by the Court of the same.

13.   **Settlement Potential:**

**(a)   Lead Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on** <u>March 18, 2021</u> **and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.**

**For Plaintiff:**   **Lead Counsel (signature):** <u>/s/ Steven G. Hill</u>

**Other Participants:**  Jennifer L. Calvert

**For Defendant:**   **Lead Counsel (signature):** <u>/s/ Akshay Deoras</u>

**Other Participants:**  Ryan Kane

**(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

<u>  X  </u>      **A possibility of settlement before discovery;**

<u>  X  </u>      **A possibility of settlement after discovery;**

_____      **A possibility of settlement, but a conference with the Judge is needed.**

_____      **No possibility of settlement.**

**(c)   Counsel ( X ) do or ( ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is TBD.**

**(d)    The following specific problems have created a hindrance to settlement of this case:**

Not Applicable

**14. <u>Trial By Magistrate Judge</u>:**

**Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a)    The parties (__) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court this _____ day of _____, 20_____.**

**(b)    The parties (<u>X</u>) do not consent to having this case tried before a magistrate judge of this Court.**

Respectfully submitted this 30th day of March, 2021.

*/s/ Steven G. Hill*_____
Steven G. Hill
Georgia Bar No. 354658
Jennifer L. Calvert
Georgia Bar No. 587191
HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway SE
Suite 800
Atlanta, Georgia 30339
Tel.: (770) 953-0995
Fax: (770) 953-1358
sgh@hkw-law.com
jc@hkw-law.com

*Counsel for Plaintiff Fleet Connect Solutions LLC*

15

**/s/ William M. Ragland Jr.**

William M. Ragland Jr.
(GA Bar No. 591888)
Lauren Baker
(GA Bar No. 345536)
Womble Bond Dickinson (US) LLP
271 17th St NW, Suite 2400
Atlanta, GA 30363
Tel: (404) 872-7000
Fax: (404) 888-7490
bill.ragland@wbd-us.com
lauren.baker@wbd-us.com

Adam Alper (*pro hac vice*)
Akshay Deoras (*pro hac vice*)
Barbara Barath (*pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Tel: 415-439-1400
Fax: 415-439-1500
adam.alper@kikrland.com
akshay.deoras@kirkland.com
barbara.barath@kirkland.com

Michael De Vries (*pro hac vice*)
KIRKLAND & ELLIS LLP
555 South Flower Street Suite 3700
Los Angeles, CA 90071
Tel: (213) 680-8400
Fax: (213) 680-8500
michael.devries@kirkland.com

Ryan Kane (*pro hac vice*)
KIRKLAND & ELLIS LLP

16

601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800
Fax: (212) 446-4900
ryan.kane@kirkland.com

*Counsel for Defendant Dayton Freight
Lines, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| FLEET CONNECT SOLUTIONS, a Texas limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DAYTON FREIGHT LINES, INC., a foreign corporation,<br><br>Defendant. | CIVIL ACTION FILE NO. 4:20-cv-00280-SCJ<br><br>**JURY TRIAL DEMANDED** |

**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the Parties, and consistent with the Local Civil Rules and Local Patent Rules governing this case, the court orders as follows:

| CRITICAL DATE | EVENT | RULE |
|---|---|---|
| April 2, 2021 | Joint Preliminary Report and Discovery Plan | L.R. 16.2 – For all cases not settled at the Rule 26(f) conference counsel are required to complete the Joint Preliminary Report and Discovery Plan form prepared by the court and attached to these rules as Appendix B. See Fed.R.Civ.P. 26(f). If counsel |

18

| CRITICAL DATE | EVENT | RULE |
|---|---|---|
| | | cannot agree on the answers to specific items, the contentions of each party must be shown on the form. The completed form must be filed within thirty (30) days after the appearance of the first defendant by answer or motion or within thirty (30) days after a removed case is filed in this Court. |
| April 2, 2021 | Initial Disclosures under Rule 26(a)(1) Due | L.R. 26.1A – The parties to civil actions shall make the initial disclosures required by Fed.R.Civ.P. 26(a)(1) at or within thirty (30) days after the appearance of a defendant by answer or motion. |
| April 2, 2021 | Commencement of Discovery | L.R. 26.2A – The discovery period shall commence thirty (30) days after the appearance of the first defendant by answer to the complaint, unless the parties mutually consent to begin earlier.<br><br>FRCP 26(d) – A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order. |
| April 2, 2021 | Stipulated Protective Order Meet & Confer | L.P.R. 2.2 – No later than the time for filing of the Joint Preliminary Report and Discovery Plan pursuant to Local Rule 16.2, the parties shall meet and |

| CRITICAL DATE | EVENT | RULE |
|---|---|---|
|  |  | confer to prepare a stipulated protective order to govern the production of commercially or technologically sensitive information in the case. |
| May 3, 2021 | Deadline to File Motions Not Specially Limited By Rules | L.R. 7.1(A)(2) – All other motions, for which specific filing times are not otherwise specified, are due within thirty (30) days after the beginning of discovery unless the filing party has obtained prior permission of the Court to file later.<br><br>Motions not limited under this Rule include:<br>Emergency Motions,<br>Motions to Compel Discovery,<br>Motions for Summary Judgment,<br>Motions for Reconsideration,<br>*Daubert* Motions. |
| May 3, 2021 | Deadline to Amend Pleadings | Pursuant to this Court's standard Joint Preliminary Report and Discovery Plan form, Section 6(b), amendments to the pleadings "submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law." |
| May 3, 2021 | Plaintiff's Infringement Contentions | L.P.R. 4.4(a) – A plaintiff pleading infringement of a patent shall first make its Disclosure of Infringement Contentions within thirty (30) days |

20

| CRITICAL DATE | EVENT | RULE |
|---|---|---|
| | | after filing of the Joint Preliminary Report and Discovery Plan. |
| June 2, 2021 | Defendants' Invalidity Contentions / Response to Infringement Contentions | L.P.R. 4.4(b) – A defendant opposing a claim of patent infringement shall first make its Disclosure of Invalidity Contentions and its Response to Infringement within thirty (30) days after the plaintiff's Disclosure of Infringement Contentions. |
| July 1, 2021 | Exchange of Proposed Terms | L.P.R. 6.1(a) – Not later than ninety (90) days after filing of the Joint Preliminary Report and Discovery Plan, each party shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6). |
| July 21, 2021 | Exchange of Preliminary Constructions | L.P.R. 6.2(a) – Not later than twenty (20) days after the exchange of Proposed Terms, for Construction, the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which any party has identified for claim construction purposes. Each such Preliminary Claim Construction shall also, for each element which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) in |

| CRITICAL DATE | EVENT | RULE |
|---|---|---|
| | | the specification corresponding to that element. |
| July 21, 2021 | Exchange of Extrinsic Evidence | L.P.R. 6.2(b) – At the same time the parties exchange their respective Preliminary Claim Constructions they shall each also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses intended to support the respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony. |
| August 10, 2021 | Joint Claim Construction Statement | L.P.R. 6.3(a) – Not later than one hundred and thirty (130) days after the filing of the Joint Preliminary Report and Discovery Plan, the parties shall complete and file a Joint Claim Construction Statement. |
| August 25, 2021 | Completion of Claim Construction Discovery | L.P.R. 6.4(a) – No later than fifteen (15) days after service and filing of the Joint Claim Construction Statement, the parties shall complete all discovery relating to claim |

| CRITICAL DATE | EVENT | RULE |
|---|---|---|
| | | construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Joint Claim Construction Statement. |
| September 9, 2021 | Claim Construction Briefs | L.P.R. 6.5(a) – Not later than thirty (30) days after serving and filing the Joint Claim Construction Statement, each party shall serve and file an opening brief and any evidence supporting its claim construction. |
| September 29, 2021 | Responsive Claim Construction Briefs | L.P.R. 6.5(b) – Not later than twenty (20) days after service upon it of an opening brief, each party shall serve and file its responsive brief and supporting evidence. |
| TBD | Claim Construction Hearing | L.P.R. 6.6 – Subject to the convenience of the Court's calendar, the Court shall conduct a Claim Construction Hearing to the extent the Court believes a hearing is necessary for construction of the claims at issue. |
| TBD | Discovery Status Conference | The parties are subject to an eight (8) month discovery track pursuant to L.R. 26.2, , Appendix F, but such period is modified by L.P.R. 6.7. Accordingly, the parties will conduct a discovery status conference at or around sixty (60) days prior to the close of fact discovery. |
| Claim Construction Ruling + 45 Days | Fact Discovery Ends | L.R. 26.2, Appendix F – Patent cases are assigned to an eight (8) month discovery track. |

| CRITICAL DATE | EVENT | RULE |
|---|---|---|
| | | L.P.R. 6.7 – If at the time the Court issues its claim construction ruling, there are fewer than thirty (30) days left for discovery pursuant to the discovery track to which the case was assigned pursuant to the Local Rules, the parties shall have an additional forty-five (45) days in which to take discovery after the Court files and serves its claim construction ruling. |
| Claim Construction Ruling + 45 days | Motions to Compel | L.R. 37.1B – Unless otherwise ordered by the court, a motion to compel a disclosure or discovery must be filed within the time remaining prior to the close of discovery or, if longer, within fourteen (14) days after service of the disclosure or discovery response upon which the objection is based. |
| Claim Construction Ruling + 59 days | Deadline for Conference After Discovery | L.R. 16.3 – For cases not settled earlier, counsel for plaintiff shall contact counsel for all other parties to arrange an in-person conference among lead counsel and a person possessing settlement authority for each plaintiff and each defendant to discuss, in good faith, settlement of the case. The conference must be held no later than fourteen (14) days after the close of discovery. |
| Claim Construction Ruling + 75 days | Initial Expert Witness Disclosures | L.P.R. 7.1(b) – No later than thirty (30) days after (1) the normal close of |

24

| CRITICAL DATE | EVENT | RULE |
|---|---|---|
| | (on which party bears burden of proof) | discovery pursuant to the discovery track to which the case was assigned, or (2) the close of discovery after claim construction, whichever is later, each party shall make its initial expert witness disclosures required by Rule 26 on the issues on which each bears the burden of proof. |
| Claim Construction Ruling + 105 days | Initial Expert Witness Disclosures (on which opposing party bears burden of proof) | L.P.R. 7.1(c) – No later than thirty (30) days after the first round of disclosures, each party shall make its initial expert witness disclosures required by Rule 26 on the issues on which the opposing party bears the burden of proof. |
| Claim Construction Ruling + 115 days | Rebuttal Expert Witness Disclosures | L.P.R. 7.1(d) – No later than ten (10) days after the second round of disclosures, each party shall make any rebuttal expert witness disclosures permitted by Rule 26. |
| Claim Construction Ruling + 122 days | Depositions of Experts Commences | L.P.R. 7.2 – Depositions of expert witnesses disclosed under this Rule shall commence within seven (7) days of the deadline service of rebuttal reports and shall be completed within thirty (30) days after commencement of the deposition period. |
| Claim Construction Ruling + 152 days | Depositions of Experts Ends | L.P.R. 7.2 – Depositions of expert witnesses disclosed under this Rule shall commence within seven (7) days of the deadline service of rebuttal reports and shall be completed within |

| CRITICAL DATE | EVENT | RULE |
|---|---|---|
| | | thirty (30) days after commencement of the deposition period. |
| Claim Construction Ruling + 182 days | Summary Judgment Motions | L.R. 56.1D – Motions for summary judgment shall be filed as soon as possible, but, unless otherwise ordered by the court, not later than thirty (30) days after the close of discovery, as established by the expiration of the original or extended discovery period or by written notice of all counsel, filed with the court, indicating that discovery was completed earlier.<br><br>The Parties agree that "close of discovery" for summary judgment motions means the close of "expert discovery" as set out in Patent L.P.R. 7. |
| TBD | Consolidated Pretrial Order | L.R. 16.4A – The parties shall prepare and sign, in lieu of the Fed.R.Civ.P. 26(a)(3) disclosures, a proposed consolidated pretrial order to be filed with the clerk no later than thirty (30) days after the close of discovery, or entry of the court's ruling on any pending motions for summary judgment, whichever is later. It shall be the responsibility of plaintiff's counsel to contact defense counsel to arrange a date for the conference. If |

| CRITICAL DATE | EVENT | RULE |
|---|---|---|
|  |  | there are issues on which counsel for the parties cannot agree, the areas of disagreement must be shown in the proposed pretrial order. In those cases in which there is a pending motion for summary judgment, the court may in its discretion and upon request extend the time for filing the proposed pretrial order. |
| TBD | Trial | L.R. 16.4(A), 40.1 – A case shall be presumed ready for trial on the first calendar after the pretrial order is filed unless another time is specifically set by the court. |

IT IS SO ORDERED, this_____day of_____, 2021.


_____
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

FLEET CONNECT SOLUTIONS, a
Texas limited liability company,

             Plaintiff,

v.

DAYTON FREIGHT LINES, INC., a
foreign corporation,

             Defendant.

CIVIL ACTION FILE NO.
 4:20-cv-00280-SCJ

**JURY TRIAL DEMANDED**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this day I have electronically filed the foregoing

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk

of the Court using the CM/ECF system, which will send a notification of electronic

filing ("NEF") to counsel of record.

This 30th day of March, 2021.

*/s/ Steven G. Hill*
Steven G. Hill
Georgia Bar No. 354658

*Attorney for Plaintiff*

28